**Ex parte Dennis Wayne
MANN, Appellant.**

**No. 2–00–121–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 21, 2000.

Law Office of Holly Crampton, Holly Crampton, Wichita Falls, for Appellant.

Barry L. Macha, Crim. Dist. Atty., John W. Brasher, W. Charles Smith, Asst. Crim. Dist. Attys., Wichita Falls, for Appellee.

Before LIVINGSTON, HOLMAN, and GARDNER, JJ.

## OPINION

HOLMAN, Justice.

This is an appeal following the trial court's denial of Dennis Wayne Mann's request for habeas relief based on claims that the indictment charging him was untimely. In his first point, Mann argues that the trial court erred by denying the application for writ of habeas corpus based upon article 32.01 of the code of criminal procedure. In his second point, Mann contends that the trial court erred by denying his request to be informed whether or not there had been a "no bill" on the charge prior to the indictment being returned. We affirm in part and reverse and remand in part.

### FACTUAL AND PROCEDURAL BACKGROUND

Mann was arrested on February 13, 1999 and charged with possession of a controlled substance. Two terms of the grand jury for the 30th District Court in Wichita County passed without an indictment. *See* TEX.GOV'T CODE ANN. § 24.180 (Vernon 1988). On January 20, 2000, Mann filed an application for writ of habeas corpus seeking to have the charge dismissed for failure to bring an indictment within two terms of the grand jury as required by article 32.01 of the code of criminal procedure. Mann was indicted on March 1, 2000 for possession of a controlled substance, stemming from the February 13, 1999 arrest. On March 16, 2000, a hearing was held on the application. At the hearing, Mann testified that he had been harmed by the State's failure to bring a timely indictment. The State contended that Mann's application for habeas relief was moot because the indictment had been obtained before the hearing on the application. The trial court found that the matter was moot and overruled Mann's motion to dismiss the charge on possession of a controlled substance. Mann also requested information concerning any previous no bills that had been returned on this charge prior to the indictment being returned. The court denied the request as moot.

## STANDARD OF REVIEW

■ In general, a trial court's ruling in a habeas proceeding should not be overturned unless there is a clear abuse of discretion by the court. *Ex parte Ayers,* 921 S.W.2d 438, 440 (Tex.App.—Houston [1st Dist.] 1996, no pet.). We are to evaluate whether the court abused its discretion by determining whether the court acted without reference to any guiding rules or principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990). However, "an abuse of discretion review of trial court decisions is not necessarily appropriate in the context of application of law to facts when the decision does not turn on the credibility or demeanor of witnesses." *Ex parte Martin,* 6 S.W.3d 524, 526 (Tex.Crim.App.1999); *see also Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). Instead an appellate court must conduct a de novo review when "the trial judge is not in an appreciably better position than the reviewing court to make that determination." *Guzman,* 955 S.W.2d at 87.

■ In this case the facts are uncontested. The State did not attempt to show good cause as required by article 32.01 for failing to timely indict Mann. TEX.CODE CRIM.PROC.ANN. art. 32.01 (Vernon Supp. 2001). The State instead relied on the argument that Mann's application was moot because an indictment was returned against him before the hearing on the application was heard. As a result we will conduct a de novo review. *See Ex parte Martin,* 6 S.W.3d at 526.

## UNTIMELY INDICTMENT

■ In his first point, Mann contends that the trial court erred by denying his application for writ of habeas corpus based upon article 32.01 of the code of criminal procedure for failure to timely indict him on the charges arising from the February 13, 1999 arrest. *See* TEX.CODE CRIM.PROC. ANN. art. 32.01. Mann contends that the State ignored the requirement that it come forward with evidence of good cause in order to avoid dismissal of the charge.

■ At the hearing on Mann's application for habeas relief, the State argued that Mann's request for relief was moot because an indictment had been returned before the hearing. The State contended that Mann would only be entitled to the requested relief if the hearing was conducted before the State secured an indictment. Mann argued that the requirements of article 32.01 were not followed by the State because it failed to obtain an indictment against him within two terms of the grand jury as required by article 32.01. The Court of Criminal Appeals has clearly held that article 32.01 "prevents citizens from being left in jail or on bail for long periods of time without being indicted. The State must indict within the period set by article 32.01, show good cause for the delay, or suffer the dismissal of the charges." *Ex parte Martin,* 6 S.W.3d at 529. The Court went further in pointing out that under article 32.01, an accused's relief is only temporary, i.e., the dismissal is no longer a prejudicial bar to the State's bringing the same charge at a later time. *Id.* The Court also established the standard that must be used to determine if a pretrial delay has denied an accused of his right to a speedy trial. *Id.* at 528. There are four factors that must be considered and balanced under the totality of the circumstances: (1) length of the delay; (2) reason for the delay; (3) prejudice to the accused; and (4) the accused's assertion of the right. *Id.* This totality of circumstances test is to be used to determine good cause under article 32.01. *Id.*

In the present case, the State made no attempt to demonstrate good cause for the untimely indictment. *See id.* at 529. Having reviewed the record de novo, we conclude that good cause was not shown to continue Mann's prosecution. Therefore, we sustain Mann's first point.

### No Bill

In his second point, Mann argues that the trial court erred by denying his request to be informed whether or not there had been a previous no bill on this charge. In his brief, Mann states that he made this request pursuant to *Ex parte Martin*, 6 S.W.3d at 528. He also states that the trial court denied the request as moot. However, Mann has failed to provide any argument regarding why it was error for the trial court to deny this request. Because this point is inadequately briefed, nothing is presented for appellate review. *See* Tex.R.App.P. 38.1(h); *Lawton v. State*, 913 S.W.2d 542, 554 (Tex.Crim. App.1995), *cert. denied*, 519 U.S. 826, 117 S.Ct. 88, 136 L.Ed.2d 44 (1996). We overrule point two.

### Conclusion

We affirm the trial court's order denying Mann's request for information regarding whether any no bills had been returned on the charge of possession of a controlled substance prior to his indictment. We reverse the trial court's order denying habeas relief and remand the case to the trial court to dismiss the indictment.