COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-572-CR
        
2-04-573-CR
 
 
  
EX 
PARTE DARRIN MICHAEL CUMMINS
 
  
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        Appellant, 
Darrin Michael Cummins, appeals from the trial court’s order denying him 
relief on his application for writ of habeas corpus filed pursuant to article 
11.072 of the Texas Code of Criminal Procedure. In one point on appeal, Cummins 
contends that the trial court abused its discretion in denying him relief.  
We affirm.
II. Background Facts and Procedural History
        On 
January 21, 2004, pursuant to a plea bargain, Cummins entered a plea of guilty 
to the felony offense of indecency with a child. On February 9, 2004, the trial 
court accepted the plea of guilty, approved the plea bargain agreement, and 
entered an order placing Cummins on deferred adjudication community supervision. 
Thereafter, on September 27, 2004, Cummings filed an application for writ of 
habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure 
arguing that his guilty plea was involuntary because it was the result of the 
ineffective assistance of counsel. In the writ, Cummins asserts that his trial 
counsel erroneously advised him that his plea of guilty and placement on 
deferred adjudication would not affect his employment, and that his trial 
counsel neither advised him that he could appeal the order nor of the relevant 
time limits for appeal.
        On 
November 1, 2004, the State filed a written response arguing that Cummins’s 
writ should be denied because he had presented no evidence of ineffective 
assistance. Attached to the State’s response was a sworn affidavit from 
Cummins’s trial counsel asserting, among other things, that she did not advise 
Cummins that his employment would not be affected and that Cummings had made no 
indication that he wanted to appeal. The State also attached to its response 
proposed findings of fact and conclusions of law. On November 16, 2004, the 
trial court signed an order denying Cummins relief on his application for habeas 
corpus and adopting the State’s findings of fact and conclusions of law. This 
appeal followed.
III. Discussion
        In 
his sole point on appeal, Cummins contends that the trial court abused its 
discretion in denying him the relief sought in his writ of habeas corpus because 
the trial court failed to follow the standard or comply with the procedures for 
hearing and evaluation of writs of habeas corpus brought pursuant to article 
11.072 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 11.072 
(Vernon 2005). Specifically, Cummins asserts that the trial court erroneously 
applied the standard and procedures for evaluating post-conviction writs filed 
under article 11.07 of the code of criminal procedure, not the standard and 
procedures for writs filed under article 11.072 where the applicant seeks relief 
from an order or judgment of conviction ordering community supervision. See 
id. arts. 11.07, 11.072. He argues that unlike article 11.07, article 11.072 
does not authorize the trial court to consider the State’s response or any 
attachments thereto in evaluating the application, but instead “requires a 
hearing of some sort, whether on ordered documents or live testimony—or both, 
unless the application is denied as frivolous.” He argues that an application 
for habeas corpus filed pursuant to article 11.072 is like a motion for new 
trial, not a post-conviction writ of habeas corpus, with respect to whether a 
hearing is required before the relief sought can be denied, and whether the 
trial court can consider the State’s response and the attachments thereto in 
evaluating the application. He asserts that as a result of the trial court’s 
failure to follow the correct statute he was denied his constitutional rights of 
due process and due course of law because he was denied the opportunity to 
present evidence supporting his complaint and to confront and cross-examine his 
former trial counsel.[1]  See U.S. Const. amends. V, VI, XIV; Tex. Const. art. I, §§ 3, 10, 13, 19; Tex. Code Crim. Proc. Ann. arts. 1.04, 
1.05, 1.051 (Vernon 2005).
A. Standard of Review
        We 
generally review a trial court's decision to grant or deny relief on a writ of 
habeas corpus under an abuse of discretion standard of review. Ex parte Mann, 
34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.); Ex parte Ayers, 
921 S.W.2d 438, 440 (Tex. App.—Houston [1st Dist.] 1996, no pet.). However, 
“an abuse of discretion review of trial court decisions is not necessarily 
appropriate in the context of the application of law to facts when the decision 
does not turn on the credibility or demeanor of witnesses.” Ex parte Martin, 
6 S.W.3d 524, 526 (Tex. Crim. App. 1999); see also Guzman v. State, 955 
S.W.2d 85, 89 (Tex. Crim. App. 1997). Instead, an appellate court must conduct a 
de novo review when “the trial judge is not in an appreciably better position 
than the reviewing court to make that determination.” Guzman, 955 
S.W.2d at 87; see also Mann, 34 S.W.3d at 718.
B. Statutory Construction and Analysis
When 
we interpret statutes . . . we seek to effectuate the “collective” intent or 
purpose of the legislators who enacted the legislation. Camacho v. State, 
765 S.W.2d 431 (Tex.Cr.App.1989). We do so because our state constitution 
assigns the law making function to the Legislature while assigning the 
law interpreting function to the Judiciary. See Tex. Const. art. 
II, §1.
  
When attempting to discern this collective legislative intent or purpose, we 
necessarily focus our attention on the literal text of the statute in question 
and attempt to discern the fair, objective meaning of that text at the time of 
its enactment. We do this because the text of the statute is the law in the 
sense that it is the only thing actually adopted by the legislators, probably 
through compromise, and submitted to the Governor for her signature. We focus on 
the literal text also because the text is the only definitive evidence of 
what the legislators (and perhaps the Governor) had in mind when the statute was 
enacted into law. There really is no other certain method for determining the 
collective legislative intent or purpose [that] was dominant at the time of 
enactment. Yet a third reason for focussing [sic] on the literal text is that 
the Legislature is constitutionally entitled to expect that the Judiciary 
will faithfully follow the specific text that was adopted.
  
Thus, if the meaning of the statutory text, when read using the established 
canons of construction relating to such text, should have been plain to the 
legislators who voted on it, we ordinarily give effect to that plain meaning. Smith 
v. State, 789 S.W.2d 590, 592 (Tex.Cr.App.1990). “‘Where the statute is 
clear and unambiguous, the Legislature must be understood to mean what it has 
expressed, and it is not for the courts to add or subtract from such a 
statute.’” Coit v. State, 808 S.W.2d 473, 475 (Tex.Cr. App.1991) 
(quoting Ex parte Davis, 412 S.W.2d 46, 52 (Tex.Cr.App.1967)).
 
 
Boykin 
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
 
        Article 
11.072 of the Texas Code of Criminal Procedure establishes the procedures for 
writs of habeas corpus in felony or misdemeanor cases where the applicant seeks 
relief from an order or judgment of conviction ordering community supervision. Tex. Code Crim. Proc. Ann. art. 11.072, 
§ 1. As to the procedures for the trial court’s evaluation of the writ, 
article 11.072 provides, in relevant part:
   
Sec. 6. (a) Not later than the 60th day after the day on which the state’s 
answer is filed, the trial court shall enter a written order granting or denying 
the relief sought in the application.
  
(b) 
In making its determination, the court may order affidavits, depositions, 
interrogatories or a hearing, and may rely on the court’s personal 
recollection.
  
Sec. 
7. (a) If the court determines from the face of the application or documents 
attached to the application that the applicant is manifestly entitled to no 
relief, the court shall enter a written order denying the application as 
frivolous. In any other case, the court shall enter a written order including 
findings of fact and conclusions of law. The court may require the prevailing 
party to submit a proposed order.
 
 
Tex. Code Crim. Proc. Ann. art. 11.072, 
§§ 6, 7.
        On 
the other hand, article 11.07 of the code of criminal procedure sets forth the 
procedures for post-conviction writs of habeas corpus in felony non-death 
penalty cases. See id. art. 11.07, § 1. Article 11.07 provides, 
in relevant part:
  
Sec. 3. (c) Within 20 days of the expiration of the time in which the state is 
allowed to answer, it shall be the duty of the convicting court to decide 
whether there are controverted, previously unresolved facts material to the 
legality of the applicant’s confinement. . . . If the convicting court decides 
that there are no such issues, the clerk shall immediately transmit to the Court 
of Criminal Appeals a copy of the application, any answers filed, and a 
certificate reciting the date upon which that finding was made. Failure of the 
court to act within the allowed 20 days shall constitute such a finding.
  
(d) 
If the convicting court decides that there are controverted, previously 
unresolved facts which are material to the legality of the applicant’s 
confinement, it shall enter an order within 20 days of the expiration of the 
time allowed for the state to reply, designating the issues of fact to be 
resolved. To resolve those issues the court may order affidavits, depositions, 
interrogatories, and hearings, as well as using personal recollection. . . .
 
Id. art. 11.07, § 3(c), (d).
        In 
support of his contention that the trial court applied the standard and 
procedures found in article 11.07, Cummins points out that the trial court, in 
certifying his right to appeal, indicated that the appeal was taken from a 
post-conviction writ. He also points out that the trial court denied him relief 
without a hearing on the basis of the State’s response, which included the 
exparte affidavit of his former trial counsel.
        While 
it is true that the trial court, in certifying Cummins’s right to appeal, 
indicated that the appeal was from an appealable order denying a post-conviction 
writ, that certification does not persuade us that the trial court applied the 
standard and procedures for post-convictions writs found in article 11.07. 
Cummins’s application for habeas corpus clearly indicates that it was filed 
pursuant to article 11.072 of the Texas Code of Criminal Procedure, as does the 
State’s response, and we find nothing in the trial court’s order denying the 
requested relief, or in its findings of fact and conclusions of law, to indicate 
that the application was denied pursuant to any other section of the code. Nor 
does the trial court’s denial of relief, without a hearing, based upon 
Cummins’s application, the State’s response, or the affidavit of Cummins’s 
trial counsel, lead us to the conclusion that the trial court employed the wrong 
statute.
        Contrary 
to Cummins’s assertion, we find nothing in article 11.072 requiring the 
trial court to “order” documents or to conduct a hearing on an application 
for habeas corpus before rendering its decision on the relief sought. See id. 
art. 11.072. While section 6(b) clearly indicates that in making its 
determination the trial court may order affidavits, depositions, 
interrogatories, or a hearing, it does not require that the trial court 
do so. See id. art. 11.072, § 6(b). In addition, we find nothing in 
article 11.072 prohibiting the trial court from considering evidence filed with 
the application or with the State’s response. See id. art. 11.072. In 
that regard, section 7 of article 11.072 refers to the trial court’s 
consideration of “documents attached to the application,” albeit in 
determining if the application is frivolous, but that language combined with the 
permissive language found in section 6 leads us to conclude that the legislature 
did not intend to prohibit the trial court from considering such evidence 
without hearing. See id. art. 11.072, §§ 6, 7.
        We 
also find Cummins’s argument that applications for habeas relief filed 
pursuant to article 11.072 should be treated like a motion for new trial 
unpersuasive. An application for habeas corpus is not like a motion for new 
trial in the sense that a habeas proceeding is not part of the underlying 
criminal prosecution against the applicant. See Greenwell v. Court of Appeals 
13th Jud. Dist., 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (indicating a 
habeas proceeding is separate from the underlying criminal prosecution). In 
addition, we find no indication in article 11.072 that the legislature intended 
for the trial court to treat applications for habeas relief, filed pursuant to 
that article, like motions for new trial. Compare Tex. Code Crim. Proc. Ann. art. 11.072 with 
Tex. R. App. P. 21. Further, 
because the language of articles 11.07 and 11.072 are very similar, we believe 
that the legislature intended for article 11.072 applications to be treated much 
like applications submitted under article 11.07. Compare Tex. Code Crim. Proc. Ann. art. 11.07 with 
Tex. Code Crim. Proc. Ann. art. 
11.072.
        As 
to the merits of Cummins’s writ, to prevail on a writ of habeas corpus, the 
proponent must prove his allegations by a preponderance of the evidence. See 
Ex parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995); Ex parte Adams, 
707 S.W.2d 646, 648 (Tex. Crim. App. 1986); Barnes v. State, 70 S.W.3d 
294, 301 (Tex. App.—Fort Worth 2002, pet. ref'd). Here, although Cummins 
alleges in his application for writ of habeas corpus that his trial counsel was 
ineffective, he offered no evidence supporting his allegations. He did, however, 
in his prayer request a hearing on the merits. The State responded that no 
hearing was necessary as the trial court could resolve the matter based on the 
record. The State pointed out that Cummins had offered no evidence of his 
assertions and that he bore the burden of proof. In addition, the State tendered 
the sworn affidavit of Cummins’s trial counsel responding to the assertions in 
Cummins’s writ. Cummins did not reply to the State’s assertion that no 
hearing was necessary, offer any evidence controverting the sworn affidavit of 
his former trial counsel, or move to strike the affidavit.
        Thus, 
based upon the evidence before the trial court at the time of its ruling, we 
cannot say that the trial court abused its discretion in denying Cummins relief. 
We overrule Cummins’s sole point on appeal.
IV. Conclusion
        Having 
overruled Cummins’s sole point on appeal, we affirm the trial court’s 
judgment.
  
   
                                                          BOB 
MCCOY
                                                          JUSTICE
  
 
 
PANEL 
B:   HOLMAN, GARDNER, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
July 14, 2005

 
NOTES
1.  
Cummins does not challenge the constitutionality of article 11.072; rather, his 
argument is that the trial court denied him his due process and due course of 
law by failing to follow article 11.072.  See Tex. Code Crim. Proc. Ann. art. 
11.072.  Accordingly, we do not address the constitutionality of article 
11.072.