COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-079-CR

 

 

EX PARTE 

 

 

 

MARIANN MELTZER                                                                             

 

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                   OPINION
ON APPELLANT=S
PETITION FOR 

                           DISCRETIONARY
REVIEW

 

                                              ------------

Introduction

Pursuant to rule of appellate
procedure 50, we have reconsidered our opinion upon Appellant=s petition for discretionary review. 
See Tex. R. App. P.
50.  We withdraw our August 11, 2005
opinion and judgment and substitute the following.








Appellant, Mariann Meltzer,
was indicted for possession of methamphetamine of four grams or more, but less
than two hundred grams, with intent to deliver. 
On May 30, 2001, pursuant to a plea bargain agreement, Appellant pleaded
guilty and was placed on eight years= deferred adjudication community supervision.  On November 19, 2003, the State filed a
petition to proceed to adjudication alleging that Appellant had violated
conditions of her community supervision.  


Prior to the hearing on the
State=s petition, Appellant filed an application for writ of habeas
corpus.  In her application, Appellant
alleged ineffective assistance of counsel by her attorney at the original plea
hearing because he had a conflict of interest, in that he had previously
represented the man with whom Appellant had been arrested.  On January 29, 2004, the trial court
conducted a hearing on the State=s motion to revoke, but did not make a ruling at that time.  On February 5, 2004, the trial court
conducted a hearing on Appellant=s application for writ of habeas corpus.  At the close of that hearing, the trial court
denied Appellant=s requested
relief and adjudicated Appellant guilty. 
The trial court sentenced Appellant to twenty-five years= confinement. Appellant appeals the trial court=s denial of her habeas corpus relief.[1]








Factual
and Procedural Background

On May 26, 2000, Appellant
was a passenger in a vehicle driven by her boyfriend, Joe Wethington, which was
stopped by a Tarrant County Sheriff=s Deputy.  After being stopped,
Wethington was arrested on outstanding warrants, and the vehicle was searched
incident to his arrest.  Various
quantities of methamphetamine and paraphernalia were found inside the vehicle
and inside Appellant=s purse, and
Appellant was arrested for possession of a controlled substance.  After being advised of her Miranda
warnings, Appellant told the deputy that as they were being stopped, Wethington
told her to hide a baggie, which was later found to contain
methamphetamine.  Appellant hid the
baggie inside the crotch area of her shorts. 
Appellant subsequently pleaded guilty and was placed on eight years= deferred adjudication community supervision.

Mootness

In its brief, the State first
argues that Appellant=s complaint
regarding the trial court=s denial of
her habeas corpus relief is moot.  The
State contends that because Appellant=s writ Aessentially
sought relief from her probationary status@ and because the trial court denied her relief and adjudicated her
guilty, her claim is now moot.  However,
after examining the relevant caselaw, we conclude that we may consider the
merits of Appellant=s argument.








Appellant filed her
application for writ of habeas corpus pursuant to article 11.08 of the code of
criminal procedure, among other provisions. 
Under article 11.08, a criminal defendant who has been indicted, but not
yet convicted, may file an application for writ of habeas corpus, that is
returnable to the court in which the defendant stands indicted.  Kniatt v. State, 157 S.W.3d 83, 84
(Tex. App.CWaco 2005,
pet. granted); see Tex. Code
Crim. Proc. Ann. art. 11.08 (Vernon 2005).  Nothing prevents the probationer from filing
an article 11.08 writ application after the State has filed a motion to revoke,
and nothing prevents the trial court from considering the application along
with the State=s motion to
revoke probation.  Jordan v. State,
54 S.W.3d 783, 786 (Tex. Crim. App. 2001). 
Because probation is not considered to be a Afinal@ conviction,
an application for writ of habeas corpus filed during the pendency of
revocation proceedings would be returnable to the trial court, whose ruling
would be reviewable by a court of appeals and, ultimately, subject to a
petition for discretionary review to the court of criminal appeals.  Nix v. State, 65 S.W.3d 664, 669 (Tex.
Crim. App. 2001).  








Because Appellant=s application was a preconviction writ, it is appealable for review to
this court.  Even though Appellant was
also adjudicated guilty, because the code of criminal procedure and the court
of criminal appeals allow the trial court=s ruling on Appellant=s writ of habeas corpus to be reviewed by a court of appeals, we will
consider the merits of Appellant=s argument.  See Kniatt,
157 S.W.3d at 85 (holding that court had jurisdiction to consider appeal from
denial of habeas corpus relief even though trial court proceeded to adjudicate
appellant guilty before hearing his writ); Gordon v. State, Nos.
11-02-00182-CR, 11-02-00183-CR, 11-02-00184-CR, 11-02-00185-CR, 2003 WL
22838732, at *1, 5 (Tex. App.CEastland 2003, pet. ref=d) (not designated for publication) (considering the merits of
appellant=s appeal
from denial of his habeas corpus relief, which was considered in conjunction
with State=s motion to
revoke, and notwithstanding that trial court found appellant guilty).

Conflict
of Interest








In her application for writ
of habeas corpus, Appellant complained that she was denied the effective
assistance of counsel at her guilty plea due to a conflict of interest
concerning her prior attorney.  At the
hearing on Appellant=s
application, her defense counsel called her prior attorney, who had represented
her at her guilty plea, as its only witness. 
He testified that he had previously represented Wethington on the
possession charge that stemmed from the May 26, 2000 traffic stop.  Appellant=s prior attorney testified that Wethington=s case had been disposed of on August 25, 2000 and he had not been
retained by Appellant until February 13, 2001. 
He stated that he did not discuss with her any potential conflicts of
interest that may have arisen from his previous representation of Wethington. 

In her affidavit supporting
her application, Appellant averred that at the time of the traffic stop, she
was unaware that there were drugs in the vehicle until Wethington asked her to
conceal a baggie.  Appellant stated in
her affidavit that the drugs were not hers, and she also asserted that her
prior attorney told her that Wethington had given him a written statement
admitting that the drugs belonged to him; however, no such statement was ever
introduced into evidence.  Appellant also
complained that she was never informed of any potential conflict of interest,
nor did she realize the effect of such a conflict. 








In general, a trial court's
ruling in a habeas proceeding should not be overturned absent a clear abuse of
discretion.  Ex parte Mann, 34
S.W.3d 716, 718 (Tex. App.CFort Worth 2000, no pet.).  We
are to evaluate whether the court abused its discretion by determining whether
the court acted without reference to any guiding rules or principles.  Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990); Mann, 34 S.W.3d at 718.  However, an abuse of discretion review of
trial court decisions is not necessarily appropriate in the context of
application of law to facts when the decision does not turn on the credibility
or demeanor of witnesses.  Ex parte
Martin, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); Mann, 34 S.W.3d at
718.  Instead, an appellate court must
conduct a de novo review when the trial judge is not in an appreciably better
position than the reviewing court to make that determination.  Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997); Mann, 34 S.W.3d at 718.

In the present case, Appellant=s prior attorney testified at the hearing on Appellant=s application, and the trial judge made findings of fact and
conclusions of law.  In his conclusions
of law, the trial judge indicated that his decision was based upon his Aknowledge of the procedural history of the case, the observations of
[Appellant] at the time of her plea of guilty, and the testimony adduced at the
hearings in this cause.@  Therefore, because the trial court=s decision was based at least in part on the credibility and demeanor
of the witnesses and Appellant, we will review the trial court=s ruling under the abuse of discretion standard.








Ineffective assistance of
counsel may result when an attorney labors under a conflict of interest.  Strickland v. Washington, 466 U.S.
668, 692, 104 S. Ct. 2052, 2067 (1984); Monreal v. State, 947 S.W.2d
559, 564 (Tex. Crim. App. 1997).  In such
a situation, counsel may breach the duty of loyalty, perhaps the most basic of
counsel's duties.  Strickland, 466
U.S. at 692, 104 S. Ct. at 2067; Monreal, 947 S.W.2d at 564.  A defendant can demonstrate a violation of
his right to the reasonably effective assistance of counsel if he can show (1)
that his counsel was burdened by an actual conflict of interest and (2) that
the conflict had an adverse effect on specific instances of counsel's
performance.  Cuyler v. Sullivan,
446 U.S. 335, 348‑50, 100 S. Ct. 1708, 1718‑19 (1980); Monreal,
947 S.W.2d at 564; see also Strickland, 466 U.S. at 687‑94, 104 S.
Ct. at 2064‑68.  An Aactual conflict of interest@ exists if counsel is required to make a choice between advancing his
client's interest in a fair trial or advancing other interests (perhaps
counsel's own) to the detriment of his client's interest.  Monreal, 947 S.W.2d at 564.  The showing of a potential conflict of
interest does not constitute an actual conflict of interest.  See Routier v. State, 112 S.W.3d 554,
581-82 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 1040 (2004).

In the present case,
Appellant contends that she established that an actual conflict existed due to
her attorney=s prior
representation of Wethington because he failed to inform her of the
disadvantages of representing both her and Wethington and because he failed to
elicit evidence that was beneficial to Appellant but detrimental to
Wethington.  Therefore, Appellant argues
that Aa plausible defensive strategy was not pursued because of the conflict.@   








As established at the hearing
on Appellant=s
application, her attorney had concluded his representation of Wethington
approximately six months before Appellant retained him.  In fact, not only did Appellant retain this
attorney, but it is evident from her affidavit that she was aware that he had
previously represented Wethington. 
Furthermore, although Appellant contended in her affidavit that her attorney
had told her he had a statement from Wethington claiming ownership of the
drugs, she failed to ask any questions regarding this possible statement and
failed to elicit any testimony that this statement did in fact exist.  Additionally, no testimony was elicited from
her attorney as to how his prior representation of Wethington had harmed
Appellant. 

After reviewing the record of
Appellant=s
application for writ of habeas corpus, we cannot conclude that the trial court
abused its discretion in denying Appellant=s habeas corpus relief.  We
overrule Appellant=s sole
point.

Conclusion

Having overruled Appellant=s sole point, we affirm the trial court=s denial of her habeas corpus relief.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

PUBLISH

 

DELIVERED:  November 15, 2005











[1]Appellant
appealed the trial court=s
adjudication of her guilt and we dismissed. 
Meltzer v. State, No. 02-04-00080-CR, 2005 WL 626793 (Tex. App.CFort
Worth Mar. 17, 2005, no pet.).