COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-129-CR

 

 

                               EX
PARTE BRUCE PATTERSON

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Bruce Patterson appeals the trial court=s denial
of relief requested in his application for writ of habeas corpus.  We affirm.

On April 17, 1996, appellant pleaded nolo
contendere to driving while intoxicated. 
The trial court issued a probation order memorializing appellant=s
bargained-for plea and ordering him to serve two years=
probation.  Appellant timely filed a
motion for new trial and a notice of appeal.








On August 23, 1996, while the appeal was pending,
the trial court granted appellant=s motion
for new trial and issued a second probation order in the same cause
memorializing a second plea agreement in which appellant agreed to plead guilty
in exchange for two years= probation.  We then dismissed appellant=s appeal
as moot, noting that the trial court had granted a new trial.[2]

On August 31, 1998, the trial court found that
appellant successfully completed the terms of his probation and discharged
appellant from probation.

On October 18, 2007, appellant filed with the
trial court his Application and Brief for Issuance of Writ of Habeas Corpus,
alleging that he was denied effective assistance of counsel, that his first
plea was involuntary, and that the trial court lacked jurisdiction to accept
appellant=s second plea.  The trial court denied the requested relief,
and this appeal followed.








A person who has completed a term of community
supervision for a misdemeanor offense may attack the validity of the conviction
by applying for a writ of habeas corpus from the convicting court.[3]  The writ issues by operation of law.[4]  The court=s ruling
on the application for the writ is appealable.[5]








We review a trial court=s
decision to grant or deny the relief requested on a writ of habeas corpus under
an abuse of discretion standard.[6]  In reviewing the trial court=s
decision, we review the record in the light most favorable to the trial court=s
ruling.[7]  We pay almost total deference to the trial
court=s
determination of historical facts that are supported by the record, especially
when the trial court=s fact findings are based on an
evaluation of credibility and demeanor.[8]  This deferential review applies even when Ano
witnesses testify and all of the evidence is submitted in written affidavits.@[9]  In a habeas proceeding, the applicant has the
burden of proving that an error contributed to his conviction or punishment.[10]








Appellant contends that the trial court had no
authority to grant a new trial, to take a second plea, and to issue a second
probation order.  We agree.  The original order upon which appellant based
his motion for new trial was signed on April 17, 1996.  Appellant filed his motion for new trial on
May 10, 1996.  On July 1, 1996, the
motion was overruled by operation of law.[11]  Thus, on August 23, 1996, when the trial
court granted the motion for new trial, took a new plea and ordered that
appellant be placed on probation, it did so without jurisdiction.  Consequently, the second probation order was
void.  To determine whether appellant is
entitled to habeas relief, however, we must decide whether the first probation
order also is void.

Appellant argues that the first probation order
of April 17, 1996, is void because his court-appointed trial counsel provided
ineffective assistance which rendered his plea involuntary.  Specifically, appellant alleges that,
following his arrest, his trial counsel advised him that he could either stay
in jail until counsel reviewed the state=s
evidence or accept the plea bargain that was being offered; that a conviction
would not affect his commercial driver=s
license; and that he could not obtain a new bond.  Thus, appellant contends he pleaded nolo
contendere[12]
Aunder
duress as I was desperate to keep my job which required I stay out of jail.@








AThe longstanding test for
determining the validity of a guilty plea is whether the plea represents a
voluntary and intelligent choice among alternative courses of action open to
the defendant.@[13]  When a defendant challenges the voluntariness
of a plea based on the advice of counsel, alleging that his counsel was
ineffective, appellant has the burden to show 1) that counsel=s
performance fell below a reasonable standard of competence and 2) that appellant
would, with a reasonable probability, have pleaded not guilty and insisted on
going to trial had counsel not committed the errors alleged by appellant.[14]

The thrust of appellant=s
ineffective assistance complaint is that he pleaded nolo contendere to avoid
losing his job.  None of his affidavit
testimony demonstrates that his plea was based on trial counsel=s
alleged advice.  Nor is there any
allegation or evidence in the record of deficient conduct that prevented
appellant from obtaining a new bond. 
Therefore, appellant has not met his burden of establishing that counsel=s
performance fell below a reasonable standard of competence, or that appellant
received objectively deficient representation.[15]








Because
appellant has failed to meet his burden of showing that his first plea was
involuntary, the trial court did not abuse its discretion in denying appellant=s
application for writ of habeas corpus. 
The trial court=s judgment is, therefore,
affirmed.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT
and HOLMAN, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 4, 2008











[1]See Tex. R. App. P. 47.4.





[2]Patterson v. State, No. 02-96-00342-CR (Tex.
App.CFort Worth Oct. 10, 1996,
no pet.)(not designated for publication).





[3]Tex. Code Crim. Proc.
Ann. art. 11.072, ' 2(b) (Vernon 2005); Villanueva
v. State, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008).





[4]Tex. Code Crim. Proc.
Ann. art. 11.072, ' 4(a).





[5]Id.' 8; Villanueva,
252 S.W.3d at 396.





[6]Ex parte Cummins, 169 S.W.3d 752, 755
(Tex. App.CFort Worth 2005, no
pet.); Ex parte Mann, 34 S.W.3d 716, 718 (Tex. App.CFort Worth 2000, no
pet.).





[7]Ex parte Peterson, 117 S.W.3d 804, 819
(Tex. Crim. App. 2003), overruled in part on other grounds by Ex parte
Lewis, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); Arreola v. State,
207 S.W.3d 387, 391 (Tex. App.C Houston [1st Dist.] 2006, no pet.).





[8]Peterson, 117 S.W.3d at 819; Arreola,
207 S.W.3d at 391.





[9]Ex parte Wheeler, 203 S.W.3d 317, 325B26 (Tex. Crim. App.
2006).





[10]Ex parte Williams, 65 S.W.3d 656, 658 (Tex.
Crim. App. 2001).





[11]At the time appellant
filed his motion for new trial, the applicable rule was Texas Rule of Appellate
Procedure 31(e).  It provided

 

(1) Time to Rule.  The court shall determine the motion for new
trial within 75 days after the date sentence is imposed or suspended in open
court.

. . .

 

(3) Failure to Rule.  A motion not timely determined by written
order signed by the judge shall be considered overruled by operation of law
upon expiration of the period of time prescribed in section (e)(1) of this
rule.

 

Tex. R. App. P. 31(e)
(Tex. Crim. App. 1986, superseded 1997). 
The rule has been recodified as Texas Rule of Appellate Procedure
21.8.  See Tex. R. App. P. 21.8.





[12]A plea of nolo contendere
has the same legal effect as a plea of guilty except that it may not be used as
an admission in any civil suit based upon or growing out of the act upon which
the criminal prosecution is based.  Tex.
Crim. Proc. Ann. art. 27.02(5) (Vernon 2006). 
For purposes of this appeal, appellant=s plea of nolo contendere
is treated the same as a plea of guilty.





[13]Hill v. Lockhart, 474 U.S. 52, 55, 106 S.
Ct. 366, 368 (1985).





[14]Ex parte Moody, 991 S.W.2d 856, 857B58 (Tex. Crim. App. 1999);
Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997), cert.
denied, 525 U.S. 810 (1998), overruled in part on other grounds by Taylor
v. State, 109 S.W.3d 443 (Tex. Crim. App. 2003).





[15]Regarding appellant=s claim that his plea was
involuntary because counsel failed to accurately advise him of the possible effect
a conviction would have on his commercial drivers license, a claim that a
defendant was misinformed by counsel, standing alone, is not enough to render a
plea involuntary.  See Pena v. State,
132 S.W.3d 663, 669 (Tex. App.CCorpus Christi 2004, no pet.); Tabora v. State,
14 S.W.3d 332, 334 (Tex. App.CHouston [14th Dist.] 2000, no pet.); Fimberg
v. State, 922 S.W.2d 205, 208 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d).  Moreover, any effect a conviction would have
on appellant=s commercial drivers
license would be a collateral consequence of the conviction.  Counsel=s failure to properly advise a defendant of the
collateral consequences of a conviction does not rise to the level of
constitutionally ineffective assistance of counsel and does not render a plea
involuntary.  See Morrow, 952
S.W.2d at 536.