

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-392-CR

EX PARTE THAI LIEU

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Thai Lieu appeals the trial court's denial of relief requested in his application for writ of habeas corpus. We affirm.

Pursuant to a plea bargain agreement, appellant pleaded guilty and judicially confessed to the state jail felony offense of theft of an automobile valued at $1,500.00 or more but less than $20,000.00.[2] The trial court accepted the plea bargain, deferred an adjudication of guilt, and placed

---

[1] See Tex. R. App. P. 47.4.

[2] See Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (Vernon Supp. 2008).

appellant on two years' community supervision. Appellant did not appeal. After the term had expired, the trial court discharged appellant from community supervision.

Later, appellant filed an application for writ of habeas corpus, asking the trial court to dismiss his "conviction."[3] After considering the application, the State's response, and affidavits from appellant and appellant's attorneys, the trial court denied relief. Appellant now appeals.

A person who has completed a term of deferred adjudication probation may attack the validity of the order of probation by applying for a writ of habeas corpus from the trial court.[4] The writ issues by operation of law.[5] In determining whether to grant relief, the trial court may order affidavits, depositions, or a hearing and may rely on the trial judge's personal recollection.[6] The trial court's ruling on the application for the writ is appealable.[7]

---

[3] Because appellant was discharged from deferred adjudication community supervision, there was no conviction. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 5(c) (Vernon Supp. 2008).

[4] Tex. Code Crim. Proc. Ann. art. 11.072, § 2(b) (Vernon 2005); *Ex parte Villanueva,* 252 S.W.3d 391, 395 (Tex. Crim. App. 2008).

[5] Tex. Code Crim. Proc. Ann. art. 11.072, § 4(a).

[6] *Id.* § 6(b).

[7] *Id.* § 8; *Villanueva,* 252 S.W.3d at 396.

We review a trial court's decision to grant or deny habeas relief under an abuse of discretion standard.[8] In reviewing the trial court's decision, we review the record in the light most favorable to the trial court's ruling.[9] We pay almost total deference to the trial court's determination of historical facts that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.[10] This deferential review applies even when "no witnesses testify and all of the evidence is submitted in written affidavits."[11] In a habeas proceeding, the applicant has the burden of proving that an error contributed to his conviction or punishment.[12]

In six grounds for relief, appellant contends that (1) his attorney improperly withdrew from the case and failed to transfer it to juvenile court, (2) his plea was involuntary because he was not informed that it could lead to his

---

[8] *Ex parte Cummins,* 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.); *Ex parte Mann,* 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.).

[9] *Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis,* 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *see Arreola v. State,* 207 S.W.3d 387, 391 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

[10] *Peterson,* 117 S.W.3d at 819; *Arreola,* 207 S.W.3d at 391.

[11] *Ex parte Wheeler,* 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006).

[12] *Ex parte Williams,* 65 S.W.3d 656, 658 (Tex. Crim. App. 2001).

3

deportation, (3) he was denied effective assistance of counsel, (4) his plea was unlawfully induced, (5) his attorneys coerced him to judicially confess and plead guilty, and (6) his attorneys failed to investigate and assert a valid defense to the charges.

In his first ground for relief, appellant claims that his first attorney, Kevin Kelley, was ineffective because he did not file a motion to withdraw and did not move to transfer appellant to juvenile court. In its response, the State argues that appellant failed to demonstrate how he was harmed by Kelley's not filing a motion to withdraw and that appellant, who was seventeen at the time of the offense, was ineligible to be transferred to juvenile court. We agree.

To prevail in a habeas proceeding, an applicant must show harm.[13] That is, he must prove by a preponderance of the evidence that the error contributed to his conviction or punishment.[14] In his affidavit, appellant admitted that Kelley told him that he no longer practiced criminal law and that he transferred the case to another attorney, Ezekiel Tyson, Jr., whom appellant immediately met in the lobby of Kelley's office. Tyson's affidavit states that he met

---

[13] *Id*.; *Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995).

[14] *Williams*, 65 S.W.3d at 658; *Tovar*, 901 S.W.2d at 486; *Ex parte Fierro*, 934 S.W.2d 370, 375 (Tex. Crim. App. 1996), *cert denied*, 521 U.S. 1122 (1997).

4

appellant "several times before his court date to discuss the issues in his case and his desired outcome." It also stated that appellant instructed Tyson that appellant "did not want a trial and wanted to get a deferred probation sentence." Tyson then negotiated a plea bargain with the State, in which the State agreed to recommend deferred adjudication. The trial court allowed Tyson to represent appellant during the plea, admonished appellant, accepted the plea bargain, and placed appellant on deferred adjudication. Appellant signed written plea admonishments that included the statement, "I am totally satisfied with representation given me by my counsel." The trial court did not abuse its discretion by denying habeas relief based upon appellant's claim that his attorney did not file a motion to withdraw.

Nor did the trial court abuse its discretion in denying relief based on appellant's claim that counsel should have transferred the case to juvenile court. The juvenile court has jurisdiction over "all cases involving the delinquent conduct or conduct indicating a need for supervision engaged [in] by a person who was a child . . . at the time the person engaged in the conduct."[15] A child is a person who is

(A) ten years of age or older and under 17 years of age; or

---

[15] Tex. Fam. Code Ann. § 51.04(a) (Vernon 2008).

5

(B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.[16]

Appellant admitted that he was seventeen at the time of the offense. Consequently, he was outside the jurisdiction of the juvenile court.[17]

Because appellant has not shown harm by his first attorney's not filing a motion to withdraw and because appellant was not eligible for transfer to juvenile court, we overrule appellant's first ground for relief.

In his second ground, appellant claims that his plea was involuntary because he was not advised of the immigration consequences of his plea.

The record shows that appellant signed written plea admonishments that included the following:

> **5. <u>Citizenship</u>**: If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

and

> I understand the foregoing admonishments from the Court and am aware of the consequences of my plea.

---

[16] *Id.* § 51.02(2).

[17] *See id.* § 51.04(a).

When the record indicates that the trial court properly admonished the defendant, a prima facie showing exists that the guilty plea was made voluntarily and knowingly.[18] At that point, the burden shifts to the defendant to show that he entered the plea without understanding the consequences.[19] Where the defendant attested that he understood the nature of his plea and that it was voluntary at the time he entered his guilty plea, he bears a heavy burden to show that his plea was involuntary.[20]

The clerk's record shows that appellant was properly admonished, understood the nature of his plea, and voluntarily pleaded guilty. In addition, the judgment states that the trial court "duly admonished" appellant as to the consequences of his plea, that appellant persisted in entering his plea after having "affirmatively stated awareness of the consequences" and having "acknowledged to not having been misled or harmed by the admonishment of the Court," and that appellant's plea was "free and voluntary." Thus, a prima facie showing exists that appellant's guilty plea was voluntary and the burden

---

[18] *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Arreola*, 207 S.W.3d at 391.

[19] *See Arreola*, 207 S.W.3d at 391.

[20] *See id.*; *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

shifts to appellant to show that he entered the plea without understanding the consequences.

The affidavits submitted by appellant and Tyson on the issue of whether appellant was advised by his attorneys and understood the consequences of his plea are conflicting. Appellant's affidavit states that he and the attorneys "never discussed the immigration issues" and that appellant "would have brought up the immigration matter, if anyone had ever talked about it." Tyson's affidavit, on the other hand, states that he and appellant discussed "the advantages and disadvantages of deferred probation, including possible immigration consequences." It further states that, on the day of appellant's plea, he and appellant thoroughly went over the plea agreement documents, that appellant stated he understood all the documents and signed them, that the trial court reviewed the admonishments with appellant, and that appellant stated he understood everything.

We hold that appellant did not meet his burden of showing that his plea was involuntary and that, therefore, the trial court did not abuse its discretion in finding that appellant's plea was not involuntary based upon his not having been properly admonished about the immigration consequences of his plea. Appellant's second ground is overruled.

8

In appellant's third, fourth, and fifth grounds for relief, he contends that he was denied effective assistance of counsel and that he pleaded guilty involuntarily.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that trial counsel's performance was deficient and that a reasonable probability exists that the result of the proceeding would have been different but for the deficiency.[21] The first prong of the *Strickland* test requires that the appellant show that counsel's performance fell below an objective standard of reasonableness.[22] Thus, he must prove objectively, by a preponderance of the evidence, that trial counsel's representation fell below professional standards.[23] The second prong requires that the appellant show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[24] Under the first prong, however, a reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide

---

[21] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

[22] *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

[23] *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

[24] *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson,* 9 S.W.3d at 812.

9

range of reasonable professional assistance.[25] Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.[26]

Appellant claims that he received ineffective assistance of counsel because his attorneys did not communicate with him, coerced him, and did not transfer his case to juvenile court.

We have already discussed that appellant was not entitled to have his case transferred to juvenile court. As to his claim that the attorneys did not communicate with him, the record shows that Kelly explained to appellant "in detail, the possible consequences associated with a guilty plea." The record also shows that Tyson and appellant met "several times" before appellant's court date "to discuss the issues in his case," and on the day of appellant's plea they "again discussed all his options and thoroughly went over the plea agreement documents."

There is no evidence in the record that appellant was coerced into entering a plea or a judicial confession. At most, appellant's affidavit indicates that appellant felt some pressure to accept the State's offer or "go to trial that

---

[25] *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

[26] *Thompson*, 9 S.W.3d at 813.

day." In contrast, Tyson's affidavit states that appellant never seemed scared during any of their discussions, that Tyson "never pressured [appellant] to accept the plea bargain or waive his trial rights," and that appellant stated that he "voluntarily wanted to enter his plea of guilty." Appellant signed a statement which included the following: "[M]y plea is freely and voluntarily entered" and "I am totally satisfied with representation given me by counsel."

Because the record does not support appellant's claims that he was denied effective assistance of counsel and coerced into confessing or pleading guilty, we overrule appellant's third, fourth, and fifth grounds for relief.

In appellant's sixth and final ground for relief, he contends that he was prejudiced by counsels' representation because they failed to recognize from the police report that appellant was not guilty of the charges because he "arrived at the scene after the car was stolen."

The indictment alleged that appellant unlawfully acquired or otherwise exercised control over an automobile. The police report indicates that officers found appellant exercising control over a stolen automobile. When officers arrived at the scene, they saw appellant and others running from a red Acura Integra, which was up on jacks with two tires missing, to appellant's car, in which officers found "the tools and latex gloves used to strip the Integra, along with accessories" and "more property from the Integra." One of the suspects

11

told officers that, after a cohort had stolen the Integra, appellant was among those who began stripping it. On appellant's person, officers found lug nuts and a shift knob from the Integra, along with a screwdriver. Contrary to appellant's claim, the police report does not indicate a valid defense but rather that appellant unlawfully exercised control over stolen property as alleged in the indictment. We overrule appellant's sixth ground for relief.

Having overruled all of appellant's grounds, we affirm the trial court's order denying habeas relief.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 5, 2009

12