# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00575-CR

**Ex parte Kelly James McCarty**

**FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT**
**NO. 30842B, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Kelly James McCarty was convicted of two counts of indecency with a child by contact. *See* Tex. Penal Code § 21.11(a). After the jury found McCarty guilty, the district court sentenced him to five years' imprisonment for the first count and to ten years' imprisonment for the second count, but the court placed him on community supervision for the second count. Although McCarty sought to appeal those convictions, this Court dismissed his appeal because it was not timely filed. *See McCarty v. State*, No. 03-09-00378-CR, 2009 Tex. App. LEXIS 5722, at *1 (Tex. App.—Austin July 22, 2009, no pet.) (mem. op., not designated for publication); *see* Tex. R. App. P. 26.2(a) (setting out deadline for perfecting appeal). After this Court's ruling, McCarty filed a writ of habeas corpus under article 11.07 of the Code of Criminal Procedure urging that he was denied his right to appeal, and the district court determined that McCarty's attorney failed to file a timely notice of appeal. *See Ex parte McCarty*, No. AP-76,607, 2011 Tex. Crim. App. Unpub. LEXIS 610, at *1 (Tex. Crim. App. Aug. 24, 2011); *see* Tex. Code Crim. Proc. art. 11.07 (providing procedure for applicant seeking relief from felony judgment imposing penalty other than death penalty).

When the case was transferred to the court of criminal appeals, the court concluded that because "[t]he trial court determined that appellate counsel failed to timely file a notice of appeal," he "is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Count I," but the court dismissed his out-of-time claim regarding the second count. *McCarty*, 2011 Tex. Crim. App. Unpub. LEXIS 610, at *1-2.

Following the ruling by the court of criminal appeals, McCarty filed an application for writ of habeas corpus concerning the second count, but this writ application was filed under article 11.072 of the Code of Criminal Procedure, which establishes habeas procedures for convictions imposing community supervision. *See* Tex. Code Crim. Proc. art. 11.072. In his application, McCarty reasserted his claim that although he wanted his attorney to appeal his conviction under the second count, his attorney miscalculated the deadline for filing an appeal and filed the appeal "three days too late." Accordingly, he asked the district court to convene a hearing and determine whether he was entitled to pursue an out-of-time appeal.

In response, the State urged that McCarty's application should be denied because his claim does not fall under article 11.072. Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." *Id.* § 1. To be entitled to relief, "the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed; or (2) the conditions of community supervision." *Id.* § 2(b). In light of this language, the State asserted in its response that McCarty's claim regarding his attorney's failure to timely file

2

an appeal does not "specify any facts or authority indicating how the order under which community supervision was imposed is not legal nor does [McCarty] specify any facts or authority indicati[ng] how any of the conditions of community supervision are not legal." After considering the State's response, the district court agreed with the State and issued an order denying McCarty's request for an out-of-time appeal.

We will reverse the district court's ruling and remand this case for further proceedings.

## STANDARD OF REVIEW

"In general, a trial court's ruling in a habeas proceeding should not be overturned unless there is a clear abuse of discretion by the court." *Ex parte Mann*, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.); *see also State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005) (stating that trial court abuses its discretion if its ruling is arbitrary or unreasonable); *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002) (providing that trial court abuses its discretion if its ruling lies outside zone of reasonable disagreement). "In an article 11.072 habeas case," the trial court "is the sole finder of fact." *Ex parte Garcia*, 353 S.W.3d 785, 787-88 (Tex. Crim. App. 2011). Accordingly, reviewing courts "afford great deference to the habeas court's findings of fact and conclusions of law that are supported by the record." *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet. ref'd). However, if the resolution of the ultimate questions only turns on the application of legal standards, appellate courts review those determinations de novo. *Id.*

3

**DISCUSSION**

On appeal, McCarty contends that the district court erred by denying his application because the claim that he made and the relief that he sought fall under article 11.072 and because the evidence showed that his appointed attorney failed to timely file a notice of appeal, which he insists violated his due process rights under the Fourteenth Amendment. *See* U.S. Const. amend. XIV; *see also Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (explaining that to succeed on ineffectiveness claim, defendant must show that his attorney's "representation fell below an objective standard of reasonableness . . . under prevailing professional norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Moreover, when explaining how his claim falls within article 11.072, McCarty contends that by seeking an out-of-time appeal, he is challenging the validity of the conviction that imposed community supervision.

When supporting the district court's ruling, the State repeats its assertion that article 11.072 does not specifically authorize the relief sought by McCarty. In particular, the State asserts that article 11.072 may only be used to challenge a condition of community supervision or to challenge the legality of the conviction imposing community supervision, *see* Tex. Code Crim. Proc. art. 11.072(b), and insists that "the relief sought by [McCarty] is not a direct challenge to the legal validity to the conviction or order in which his community supervision was imposed but a complaint that he was not afforded his right of direct appeal due to the failure of his first appellate counsel" to

4

timely file his notice of appeal.[1] Accordingly, the State insists that the district court properly denied McCarty's application.

However, we cannot agree with the State's assertion that McCarty is not challenging the legality of his conviction. First, the State's contention is inconsistent with the Supreme Court's description of the effect of an appeal as described in *Evitts v. Lucey*, 469 U.S. 387 (1985). In *Evitts*, the defendant's lawyer failed to comply with all of the requirements for perfecting an appeal. *Id.* at 389. Eventually, the defendant sought habeas relief from his conviction. *Id.* at 390-91. In affirming

---

[1] In its brief, the State also asserts that McCarty employed the wrong procedural mechanism by pursuing habeas relief under article 11.072 and that McCarty should have relied on article 11.08 instead. *See* Tex. Code Crim. Proc. art. 11.08 (allowing writs of habeas corpus for individuals who have been charged with felonies). Given our resolution of this appeal, we need not decide whether article 11.08 would also have been an appropriate procedural vehicle for McCarty to present his claim.

However, we do note that when this Court was faced with a situation in which the State alleged that an applicant (Balderrama) improperly used article 11.08 and should have instead relied on article 11.072, we noted that Balderrama complied with the relevant procedural requirements for seeking relief under article 11.072, that the State responded to Balderrama's claims, and that the habeas trial court denied relief. *See Ex parte Balderrama*, 214 S.W.3d 530, 532 (Tex. App.—Austin 2006, pet. ref'd). Moreover, we explained that under both statutes, Balderrama was entitled to appeal the denial of the relief requested and that if we dismissed the appeal on the ground that the applicant "incorrectly relied on article 11.08, she would be entitled to reapply under article 11.072." *Id.* Accordingly, we determined as follows:

It is reasonable to anticipate that the State would then file the same answer, the district court would again deny relief on the basis of the same findings and conclusions, the case would return to this Court on appeal, and the parties would make the same arguments on the merits of Balderrama's claim. In other words, whether Balderrama properly invoked article 11.08 or should have relied instead on article 11.072 is of little consequence—jurisdictional, procedural, or otherwise—under the circumstances of this case.

*Id.*

5

the habeas relief, the Supreme Court determined that due process requires that an appellant be provided with effective assistance of counsel during an appeal and explained that "[i]n bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful." *Id.* at 396.

In addition, the State's contention is inconsistent with various appellate cases, including one from this Court, which have suggested that applicants may seek out-of-time appeals under article 11.072 when an appeal was not timely filed. *See, e.g.*, *State v. Burnett*, No. 05-13-00247-CR, 2013 Tex. App. LEXIS 7422, at *3-6 (Tex. App.—Dallas June 18, 2013, no pet.) (mem. op., not designated for publication) (relating that although habeas trial court granted applicant's application for writ of habeas corpus under article 11.072 and vacated conviction when applicant claimed that "he was prevented from appealing because he did not receive timely notice of the judgment of conviction," court should have instead granted out-of-time appeal because applicant's claims attacked trial proceedings and "should have been raised by appeal"); *Cheek v. State*, No. 03-08-00540-CR (Tex. App.—Austin Oct. 17, 2008, no pet.) (mem. op., not designated for publication)[2] (deciding that case should be dismissed because it was not timely filed by his appellate counsel but also stating that "Cheek may be entitled to an out-of-time appeal under the circumstances, but he must seek it by means of a post-conviction habeas corpus petition" and then citing to article 11.072); *cf. Taiwo v. State*, No. 01-07-00487-CR, 2010 Tex. App. LEXIS 4364, at *8-10 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (mem. op., not designated for publication)

---

[2] We did not include an electronic database cite for this case because one is not available through LEXIS or Westlaw.

(noting in procedural history that applicant challenged order imposing community supervision under article 11.072 on ground that she received ineffective assistance of counsel and that habeas trial court granted out-of-time appeal); *Ex parte Balderrama*, 214 S.W.3d 530, 532-36 (Tex. App.—Austin 2006, pet. ref'd) (addressing habeas claim under both article 11.072 and 11.08 that applicant's appellate attorney was ineffective for failing to assert on appeal that evidence of conviction was legally insufficient).[3] In addition, although not specifically dealing with an untimely appeal of a judgment of conviction, the court of criminal appeals has explained that an applicant may request that his application for writ of habeas corpus be reconsidered under article 11.072 if he shows that the trial court clerk never gave him notice that his initial writ had been denied because

---

[3] In reaching our decision in this case, we are aware of our prior analysis concerning out-of-time appeals in *Ex parte Sheikh*, No. 03-10-00370-CR, 2012 Tex. App. LEXIS 7098, at *41-43 (Tex. App.—Austin Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication). In that case, we determined that the habeas trial court did not abuse its discretion by denying relief under article 11.072 regarding Sheikh's claim that he was denied his right to appeal. *Id.* at *42-43. When reaching this result, we noted that Sheikh was not challenging the validity of the judgment of conviction imposing community supervision and, therefore, determined that he was not presenting a valid claim under article 11.072. *Id.* at *42.

However, there are significant differences between that case and the one currently before this Court. First, Sheikh admitted in his brief before the habeas trial court that he was not challenging the lawfulness of his conviction. *Id.* Moreover, the *Sheikh* case did not involve an untimely appeal. In fact, rather than expressing a desire to appeal, Sheikh expressly waived his right to appeal under a punishment agreement that he entered into with the State. *Id.* at *8. Moreover, although Sheikh urged in his habeas application that his appeal was invalid because the trial court did not follow the terms of the punishment agreement, both the habeas trial court and this Court determined that the punishment imposed was consistent with the agreement. *Id.* at *10, *11, *43-48. Moreover, in the present case, the court of criminal appeals has already determined that the failure to appeal McCarty's conviction in the first count entitled him to an out-of-time appeal, and that same failure to appeal serves as the backdrop for this habeas proceeding. Accordingly, we do not believe that our analysis in *Sheikh* can be read as prohibiting an applicant from seeking an out-of-time appeal under the circumstances present here.

the failure to provide notice deprived him of his right to appeal the denial of his writ application. *Ex parte Parodi*, No. PD-1740-11, 2012 Tex. Crim. App. Unpub. LEXIS 141, at *2-3 (Tex. Crim. App. Feb. 29, 2012) (not designated for publication). In explaining its reasoning, the court likened the relief sought to an out-of-time appeal under article 11.07 when an appellate attorney fails to file a notice of appeal. *Id.* at *3.

In light of the preceding, we must conclude that McCarty is seeking to challenge the legality of his conviction and that an out-of-time appeal is a permissible remedy under article 11.072. Accordingly, we must also conclude that the district court abused its discretion by denying McCarty's application on the ground that he is not seeking relief available under article 11.072.

## CONCLUSION

Having determined that the district court abused its discretion, we reverse the district court's order denying McCarty's application for writ of habeas corpus and remand this case for further proceedings.

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland
  Dissenting Opinion by Justice Pemberton

Reversed and Remanded

Filed:   April 29, 2015

Do Not Publish

8