EX PARTE MELTZER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-079-CR

EX PARTE 

MARIANN MELTZER 

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION ON APPELLANT’S PETITION FOR 

DISCRETIONARY REVIEW

------------

Introduction

Pursuant to rule of appellate procedure 50, we have reconsidered our opinion upon Appellant’s petition for discretionary review.  
See
 
Tex. R. App. P.
 50.  We withdraw our August 11, 2005 opinion and judgment and substitute the following.

Appellant, Mariann Meltzer, was indicted for possession of methamphetamine of four grams or more, but less than two hundred grams, with intent to deliver.  On May 30, 2001, pursuant to a plea bargain agreement, Appellant pleaded guilty and was placed on eight years’ deferred adjudication community supervision.  On November 19, 2003, the State filed a petition to proceed to adjudication alleging that Appellant had violated conditions of her community supervision.   

Prior to the hearing on the State’s petition, Appellant filed an application for writ of habeas corpus.  In her application, Appellant alleged ineffective assistance of counsel by her attorney at the original plea hearing because he had a conflict of interest, in that he had previously represented the man with whom Appellant had been arrested.  On January 29, 2004, the trial court conducted a hearing on the State’s motion to revoke, but did not make a ruling at that time.  On February 5, 2004, the trial court conducted a hearing on Appellant’s application for writ of habeas corpus.  At the close of that hearing, the trial court denied Appellant’s requested relief and adjudicated Appellant guilty.  The trial court sentenced Appellant to twenty-five years’ confinement. Appellant appeals the trial court’s denial of her habeas corpus relief.
(footnote: 1)
Factual and Procedural Background

On May 26, 2000, Appellant was a passenger in a vehicle driven by her boyfriend, Joe Wethington, which was stopped by a Tarrant County Sheriff’s Deputy.  After being stopped, Wethington was arrested on outstanding warrants, and the vehicle was searched incident to his arrest.  Various quantities of methamphetamine and paraphernalia were found inside the vehicle and inside Appellant’s purse, and Appellant was arrested for possession of a controlled substance.  After being advised of her 
Miranda
 warnings, Appellant told the deputy that as they were being stopped, Wethington told her to hide a baggie, which was later found to contain methamphetamine.  Appellant hid the baggie inside the crotch area of her shorts.  Appellant subsequently pleaded guilty and was placed on eight years’ deferred adjudication community supervision.

Mootness

In its brief, the State first argues that Appellant’s complaint regarding the trial court’s denial of her habeas corpus relief is moot.  The State contends that because Appellant’s writ “essentially sought relief from her probationary status” and because the trial court denied her relief and adjudicated her guilty, her claim is now moot.  However, after examining the relevant caselaw, we conclude that we may consider the merits of Appellant’s argument.

Appellant filed her application for writ of habeas corpus pursuant to article 11.08 of the code of criminal procedure, among other provisions.  Under article 11.08, a criminal defendant who has been indicted, but not yet convicted, may file an application for writ of habeas corpus, that is returnable to the court in which the defendant stands indicted.  
Kniatt v. State
, 157 S.W.3d 83, 84 (Tex. App.—Waco 2005, pet. granted); 
see
 
Tex. Code Crim. Proc. Ann.
 art. 11.08 (Vernon 2005).  Nothing prevents the probationer from filing an article 11.08 writ application after the State has filed a motion to revoke, and nothing prevents the trial court from considering the application along with the State’s motion to revoke probation.  
Jordan v. State
, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001).  Because probation is not considered to be a “final” conviction, an application for writ of habeas corpus filed during the pendency of revocation proceedings would be returnable to the trial court, whose ruling would be reviewable by a court of appeals and, ultimately, subject to a petition for discretionary review to the court of criminal appeals.  
Nix v. State
, 65 S.W.3d 664, 669 (Tex. Crim. App. 2001).  

Because Appellant’s application was a preconviction writ, it is appealable for review to this court.  Even though Appellant was also adjudicated guilty, because the code of criminal procedure and the court of criminal appeals allow the trial court’s ruling on Appellant’s writ of habeas corpus to be reviewed by a court of appeals, we will consider the merits of Appellant’s argument.  
See Kniatt
, 157 S.W.3d at 85 (holding that court had jurisdiction to consider appeal from denial of habeas corpus relief even though trial court proceeded to adjudicate appellant guilty before hearing his writ); 
Gordon v. State
, Nos. 11-02-00182-CR, 11-02-00183-CR, 11-02-00184-CR, 11-02-00185-CR, 2003 WL 22838732, at *1, 5 (Tex. App.—Eastland 2003, pet. ref’d) (not designated for publication) (considering the merits of appellant’s appeal from denial of his habeas corpus relief, which was considered in conjunction with State’s motion to revoke, and notwithstanding that trial court found appellant guilty).

Conflict of Interest

In her application for writ of habeas corpus, Appellant complained that she was denied the effective assistance of counsel at her guilty plea due to a conflict of interest concerning her prior attorney.  At the hearing on Appellant’s application, her defense counsel called her prior attorney, who had represented her at her guilty plea, as its only witness.  He testified that he had previously represented Wethington on the possession charge that stemmed from the May 26, 2000 traffic stop.  Appellant’s prior attorney testified that Wethington’s case had been disposed of on August 25, 2000 and he had not been retained by Appellant until February 13, 2001.  He stated that he did not discuss with her any potential conflicts of interest that may have arisen from his previous representation of Wethington. 

In her affidavit supporting her application, Appellant averred that at the time of the traffic stop, she was unaware that there were drugs in the vehicle until Wethington asked her to conceal a baggie.  Appellant stated in her affidavit that the drugs were not hers, and she also asserted that her prior attorney told her that Wethington had given him a written statement admitting that the drugs belonged to him; however, no such statement was ever introduced into evidence.  Appellant also complained that she was never informed of any potential conflict of interest, nor did she realize the effect of such a conflict. 

In general, a trial court's ruling in a habeas proceeding should not be overturned absent a clear abuse of discretion.  
Ex parte Mann
, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.).  We are to evaluate whether the court abused its discretion by determining whether the court acted without reference to any guiding rules or principles.
  Montgomery v. State
, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); 
Mann
, 34 S.W.3d at 718.  However, an abuse of discretion review of trial court decisions is not necessarily appropriate in the context of application of law to facts when the decision does not turn on the credibility or demeanor of witnesses.  
Ex parte Martin
, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); 
Mann
, 34 S.W.3d at 718.  Instead, an appellate court must conduct a de novo review when the trial judge is not in an appreciably better position than the reviewing court to make that determination.  
Guzman v. State
, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997); 
Mann
, 34 S.W.3d at 718.

In the present case, Appellant’s prior attorney testified at the hearing on Appellant’s application, and the trial judge made findings of fact and conclusions of law.  In his conclusions of law, the trial judge indicated that his decision was based upon his “knowledge of the procedural history of the case, the observations of [Appellant] at the time of her plea of guilty, and the testimony adduced at the hearings in this cause.”  Therefore, because the trial court’s decision was based at least in part on the credibility and demeanor of the witnesses and Appellant, we will review the trial court’s ruling under the abuse of discretion standard.

Ineffective assistance of counsel may result when an attorney labors under a conflict of interest.  
Strickland v. Washington
, 466 U.S. 668, 692, 104 S. Ct. 2052, 2067 (1984); 
Monreal v. State
, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997).  In such a situation, counsel may breach the duty of loyalty, perhaps the most basic of counsel's duties.  
Strickland
, 466 U.S. at 692, 104 S. Ct. at 2067; 
Monreal
, 947 S.W.2d at 564.  A defendant can demonstrate a violation of his right to the reasonably effective assistance of counsel if he can show (1) that his counsel was burdened by an actual conflict of interest and (2) that the conflict had an adverse effect on specific instances of counsel's performance.  
Cuyler v. Sullivan
, 446 U.S. 335, 348-50, 100 S. Ct. 1708, 1718-19 (1980); 
Monreal
, 947 S.W.2d at 564; 
see also Strickland
, 466 U.S. at 687-94, 104 S. Ct. at 2064-68.  An “actual conflict of interest” exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client's interest.  
Monreal
, 947 S.W.2d at 564.  The showing of a potential conflict of interest does not constitute an actual conflict of interest.  
See Routier v. State
, 112 S.W.3d 554, 581-82 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 1040 (2004).

In the present case, Appellant contends that she established that an actual conflict existed due to her attorney’s prior representation of Wethington because he failed to inform her of the disadvantages of representing both her and Wethington and because he failed to elicit evidence that was beneficial to Appellant but detrimental to Wethington.  Therefore, Appellant argues that “a plausible defensive strategy was not pursued because of the conflict.”   

As established at the hearing on Appellant’s application, her attorney had concluded his representation of Wethington approximately six months before Appellant retained him.  In fact, not only did Appellant retain this attorney, but it is evident from her affidavit that she was aware that he had previously represented Wethington.  Furthermore, although Appellant contended in her affidavit that her attorney had told her he had a statement from Wethington claiming ownership of the drugs, she failed to ask any questions regarding this possible statement and failed to elicit any testimony that this statement did in fact exist.  Additionally, no testimony was elicited from her attorney as to how his prior representation of Wethington had harmed Appellant. 

After reviewing the record of Appellant’s application for writ of habeas corpus, we cannot conclude that the trial court abused its discretion in denying Appellant’s habeas corpus relief.  We overrule Appellant’s sole point.

Conclusion

Having overruled Appellant’s sole point, we affirm the trial court’s denial of her habeas corpus relief.

ANNE GARDNER

JUSTICE

PANEL F: GARDNER, WALKER, and MCCOY, JJ.

PUBLISH

DELIVERED:  November 15, 2005

FOOTNOTES
1:
Appellant appealed the trial court’s adjudication of her guilt and we dismissed.  
Meltzer v. State
, No. 02-04-00080-CR, 2005 WL 626793 (Tex. App.—Fort Worth Mar. 17, 2005, no pet.).