Opinion filed May 12, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00332-CR 

                                                    __________

 

                            CAROL
JOHNENE MORRIS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 441st District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR37161

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Carol
Johnene Morris appeals from the denial of a pretrial application for writ of
habeas corpus.  Morris sought habeas relief on double jeopardy grounds and
requested dismissal of the reindictment in this cause.  The trial court denied
Morris’s application on October 27, 2010, and she timely filed a notice of
appeal on November 4, 2010.  Morris presents two issues on appeal.  We affirm.  

Morris
asserts in her first issue that she was entitled to have this appeal decided
before being tried and convicted in the underlying cause.  The underlying
proceeding was not stayed, and Morris was tried and convicted of the theft
offense while this appeal was pending.  The sentence was imposed on November 8,
2010.  A trial court is not prohibited from proceeding with a trial on the
merits during the pendency of an appeal from the trial court’s denial of a
pretrial application for habeas corpus.  Morris’s first issue is overruled. 

The
State contends that, because Morris was convicted of the underlying offense
while this appeal was pending, this appeal is moot.  We believe the Court of
Criminal Appeals’s opinion in Kniatt v. State, 206 S.W.3d 657 (Tex.
Crim. App. 2006), is instructive on this issue.  In Kniatt, the court held
that the jurisdiction of a court to consider an application for writ of habeas
corpus is determined at the time the application is filed.  206 S.W.3d at 663. 
Though the issue addressed in the majority opinion involved jurisdiction, the
court did not find the preconviction habeas request to be a moot issue, and the
concurring opinion specifically addressed the issue of mootness.  Id. at
665-66 (Keller, P.J., concurring).  Kniatt requested habeas relief after the
State filed a motion to proceed with an adjudication of guilt.  Kniatt’s habeas
request was based upon the involuntariness of the guilty plea that served as
the basis of his deferred adjudication.  Prior to ruling on the habeas request,
the trial court adjudicated Kniatt’s guilt.  The trial court, the court of
appeals, and the high court addressed the preconviction application for writ of
habeas corpus after Kniatt was convicted.  Id. at 660-63.  Just as those
courts did not deem the denial of a preconviction habeas request based upon the
voluntariness of Kniatt’s prior guilty plea to be mooted by his subsequent
conviction, we do not find Morris’s double jeopardy contention to be moot.  See
id. at 665-66 (Keller, P.J., concurring) (addressing lack of mootness); see
also Ex parte Meltzer, 180 S.W.3d 252 (Tex. App.—Fort Worth 2005, no pet.).
 

The
State relies upon cases such as Hubbard v. State, 841 S.W.2d 33 (Tex.
App.—Houston [14th Dist.] 1992, no pet.), and De Lam v. State, No.
01-98-00774-CR, 1998 WL 789180 (Tex. App.—Houston [1st Dist.] Nov. 6, 1998, no
pet.) (not designated for publication).  We note that the cases relied upon by
the State either predate the Kniatt opinion or involve issues that were
made moot by the defendant’s subsequent conviction (such as bail or pretrial
confinement) or by the subsequent dismissal of the cause from which habeas
relief was sought.  We also note that, if this were an appeal from the denial
of habeas corpus based upon bail or pretrial confinement, we would agree with
the State on the issue of mootness.  See Kniatt, 206 S.W.3d at 665-66
(Keller, P.J., concurring); Martinez v. State, 826 S.W.2d 620 (Tex.
Crim. App. 1992); Morris v. State, No. 11-10-00161-CR, 2010 WL 3516464 (Tex.
App.—Eastland Aug. 31, 2010, no pet.) (mem. op., not designated for
publication).  However, Morris has requested habeas relief based upon double
jeopardy; a double jeopardy claim is not mooted by conviction.  

We
do, however, hold that Morris’s double jeopardy contention is without merit. 
Morris sought habeas relief from prosecution and conviction for a theft offense
that was alleged to have occurred on October 5, 2009.  The indictment alleged
that, by deception, Morris had on that date unlawfully acquired and exercised
control over currency belonging to Manuel Valdez and valued between $1,500 and
$20,000.  In a separate cause in the same trial court (Cause No. CR36894),
Morris had been charged by indictment with the same type of offense involving
the same victim but a different date:  September 28, 2009.  Morris was
convicted and sentenced in Cause No. CR36894 on July 28, 2010, prior to
filing her application for habeas corpus in this cause.  The record from the
hearing on Morris’s application shows that she had been indicted for two
separate offenses, which involved separate transactions and different dates.  Because
Morris was not being put in jeopardy twice for the same offense, the trial
court properly denied her application for writ of habeas corpus based on double
jeopardy grounds.  See Luna v. State, 493 S.W.2d 854, 855 (Tex. Crim.
App. 1973).  Morris’s second issue is overruled. 

            The
order of the trial court is affirmed. 

 

 

                                                                                                PER
CURIAM

 

May 12, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 

 









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.