**Opinion filed May 12, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00332-CR
_____

## CAROL JOHNENE MORRIS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR37161**

## M E M O R A N D U M   O P I N I O N

Carol Johnene Morris appeals from the denial of a pretrial application for writ of habeas corpus. Morris sought habeas relief on double jeopardy grounds and requested dismissal of the reindictment in this cause. The trial court denied Morris's application on October 27, 2010, and she timely filed a notice of appeal on November 4, 2010. Morris presents two issues on appeal. We affirm.

Morris asserts in her first issue that she was entitled to have this appeal decided before being tried and convicted in the underlying cause. The underlying proceeding was not stayed, and Morris was tried and convicted of the theft offense while this appeal was pending. The

sentence was imposed on November 8, 2010. A trial court is not prohibited from proceeding with a trial on the merits during the pendency of an appeal from the trial court's denial of a pretrial application for habeas corpus. Morris's first issue is overruled.

The State contends that, because Morris was convicted of the underlying offense while this appeal was pending, this appeal is moot. We believe the Court of Criminal Appeals's opinion in *Kniatt v. State*, 206 S.W.3d 657 (Tex. Crim. App. 2006), is instructive on this issue. In *Kniatt*, the court held that the jurisdiction of a court to consider an application for writ of habeas corpus is determined at the time the application is filed. 206 S.W.3d at 663. Though the issue addressed in the majority opinion involved jurisdiction, the court did not find the preconviction habeas request to be a moot issue, and the concurring opinion specifically addressed the issue of mootness. *Id.* at 665-66 (Keller, P.J., concurring). Kniatt requested habeas relief after the State filed a motion to proceed with an adjudication of guilt. Kniatt's habeas request was based upon the involuntariness of the guilty plea that served as the basis of his deferred adjudication. Prior to ruling on the habeas request, the trial court adjudicated Kniatt's guilt. The trial court, the court of appeals, and the high court addressed the preconviction application for writ of habeas corpus after Kniatt was convicted. *Id.* at 660-63. Just as those courts did not deem the denial of a preconviction habeas request based upon the voluntariness of Kniatt's prior guilty plea to be mooted by his subsequent conviction, we do not find Morris's double jeopardy contention to be moot. *See id.* at 665-66 (Keller, P.J., concurring) (addressing lack of mootness); *see also Ex parte Meltzer*, 180 S.W.3d 252 (Tex. App.—Fort Worth 2005, no pet.).

The State relies upon cases such as *Hubbard v. State*, 841 S.W.2d 33 (Tex. App.—Houston [14th Dist.] 1992, no pet.), and *De Lam v. State*, No. 01-98-00774-CR, 1998 WL 789180 (Tex. App.—Houston [1st Dist.] Nov. 6, 1998, no pet.) (not designated for publication). We note that the cases relied upon by the State either predate the *Kniatt* opinion or involve issues that were made moot by the defendant's subsequent conviction (such as bail or pretrial confinement) or by the subsequent dismissal of the cause from which habeas relief was sought. We also note that, if this were an appeal from the denial of habeas corpus based upon bail or pretrial confinement, we would agree with the State on the issue of mootness. *See Kniatt*, 206 S.W.3d at 665-66 (Keller, P.J., concurring); *Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992); *Morris v. State*, No. 11-10-00161-CR, 2010 WL 3516464 (Tex. App.—Eastland Aug. 31,

2010, no pet.) (mem. op., not designated for publication).  However, Morris has requested habeas relief based upon double jeopardy; a double jeopardy claim is not mooted by conviction.

We do, however, hold that Morris's double jeopardy contention is without merit.  Morris sought habeas relief from prosecution and conviction for a theft offense that was alleged to have occurred on October 5, 2009.  The indictment alleged that, by deception, Morris had on that date unlawfully acquired and exercised control over currency belonging to Manuel Valdez and valued between $1,500 and $20,000.  In a separate cause in the same trial court (Cause No. CR36894), Morris had been charged by indictment with the same type of offense involving the same victim but a different date:  September 28, 2009.  Morris was convicted and sentenced in Cause No. CR36894 on July 28, 2010, prior to filing her application for habeas corpus in this cause.  The record from the hearing on Morris's application shows that she had been indicted for two separate offenses, which involved separate transactions and different dates.  Because Morris was not being put in jeopardy twice for the same offense, the trial court properly denied her application for writ of habeas corpus based on double jeopardy grounds.  *See Luna v. State*, 493 S.W.2d 854, 855 (Tex. Crim. App. 1973).  Morris's second issue is overruled.

The order of the trial court is affirmed.


PER CURIAM


May 12, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of:  Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011.  The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

3