

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00393-CR

EX PARTE QUINCY DEMOND
BLAKELY

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F17-2106-211

----------

## MEMORANDUM OPINION[1]

----------

Appellant Quincy Demond Blakely appeals the trial court's denial of his pretrial writ of habeas corpus. Appellant was indicted for unlawful possession of a handgun on the premises of a liquor store. *See* Tex. Penal Code Ann. § 46.02 (West Supp. 2017).

Appellant filed, pro se, an application for a pretrial writ of habeas corpus in which he (1) argued that he was unlawfully arrested without a warrant or probable cause, (2) asserted that the magistrate who conducted his arraignment

---

[1]*See* Tex. R. App. P. 47.4.

did not have authority to do so, (3) challenged the constitutionality of articles 14.01(b) and 14.03 of the code of criminal procedure, (4) asserted that he was denied the right of counsel during his arraignment hearing, (5) challenged the indictment's wording of the offense as "PC 46.02" and asserted that the indictment failed to inform him of the charge against him, and (6) challenged the jurisdiction of the trial court over him as a "sovereign citizen."

At the hearing on Appellant's application, the trial court took judicial notice of the fact that he had been released on a $1,000 bond the day after he was arrested and was not being held in jail. Appellant argued that he was still nevertheless being deprived of his liberty because of "the threat of going back to jail" if he did not appear at subsequent hearings or a trial. The trial court declined to issue the writ and informed Appellant that he could address other concerns, such as his argument that he was not properly arraigned, through other pretrial motions.

Notwithstanding this ruling, the trial court heard and considered some of Appellant's concerns.[2] It reassured Appellant that his arraignment had been properly conducted by a magistrate. It rejected Appellant's contention that the case should be dismissed because the police unlawfully arrested him when they

---

[2]After denying the application for writ of habeas corpus, the trial judge asked the State if it consented to hearing Appellant's arguments as pretrial motions to suppress, quash the indictment, and dismiss the case. The prosecutor simply responded, "Judge, I just ask that each and every thing be denied."

2

saw him carrying a weapon on the premises of a liquor store, a violation of the penal code. *See* Tex. Code Crim. Proc. Ann. art. 14.01 (West 2015) (providing that an officer may, without a warrant, arrest an offender when the offense is committed within his view); Tex. Penal Code Ann. § 46.02 (providing elements of unlawful carrying of a weapon). It rejected Appellant's argument that he could not be found guilty of unlawful carrying of a weapon because he was on his way to his car when he was carrying the weapon, finding that this was a fact issue for the ultimate factfinder and denying any request to suppress evidence or quash the indictment on this basis. *See* Tex. Penal Code Ann. § 46.02(a)(2). Finally, the trial court interpreted his challenge to its jurisdiction over him as a "sovereign citizen" as a plea to the jurisdiction and overruled it.

**Discussion**

The writ of habeas corpus is an extraordinary remedy. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). A defendant may use a pretrial writ of habeas corpus only in very limited circumstances—for instance, to raise claims of double jeopardy, collateral estoppel, and bail, because if he were not allowed to do so, those protections would be effectively undermined. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus where there is an adequate remedy at law, and we must be careful to ensure that a pretrial writ is not misused as an impermissible interlocutory appeal. *Ex parte*

*Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App.), *cert. denied*, 5620 U.S. 957 (2010); *Headrick v. State*, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999).

In general, we review the trial court's ruling denying habeas relief for an abuse of discretion and will not disturb the ruling unless the trial court acted without reference to any guiding principles. *Ex parte Meltzer*, 180 S.W.3d 252, 255–56 (Tex. App.—Fort Worth 2005, no pet.) (op. on reh'g). Appellant bore the burden of establishing his entitlement to habeas corpus relief. *Ex parte Alt*, 958 S.W.2d 948, 950 (Tex. App.—Austin 1998, no pet.). We agree with the trial court that Appellant did not meet this burden.

Appellant's claims are not the proper subjects of a pretrial writ of habeas corpus. They do not raise any issues of double jeopardy or collateral estoppel, nor does he complain about the amount of bail set in this case. Appellant's claim that he was unlawfully arrested without a warrant or probable cause is the proper subject of a motion to suppress to be reviewed on direct appeal. *See Ex parte Conner*, 439 S.W.2d 350, 350 (Tex. Crim. App. 1969); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Appellant's complaints about the indictment are the proper subject of a motion to set aside or quash the indictment. *See* Tex. Code Crim. Proc. Ann. art. 27.03 (West 2006); *Doster*, 303 S.W.3d at 724 ("[O]rdinarily, pretrial habeas is not available to 'test the sufficiency of the complaint, information, or indictment.'" (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001))). To the extent his claims relate to the sufficiency of the State's evidence to prove he committed the offense, those

4

are questions for the ultimate factfinder and are appropriately reviewed after the factfinder has rendered a verdict. *Doster*, 303 S.W.3d at 724 ("[P]retrial habeas is unavailable when the resolution of a claim may be aided by the development of a record at trial.").

Nor has Appellant met his burden to show that his remaining issues are the proper subject of a pretrial habeas proceeding, and we have found no such support. Appellant has not shown that his complaints regarding the arraignment hearing warrant habeas relief. Although he asserts that he was denied counsel during his arraignment hearing, he does not contest the $1,000 bail amount set at such hearing. *See Ex parte Gray*, 564 S.W.2d 713, 714 (Tex. Crim. App. [Panel Op.] 1978) (noting that habeas proceeding is the proper method for challenging the denial or excessiveness of bail). And to the extent that Appellant presented a facial challenge to the constitutionality of articles 14.01(b) and 14.03 of the code of criminal procedure, the constitutionality of warrantless arrests for offenses committed within an officer's view is well-established. *Crippen v. State*, 189 S.W. 496, 497 (Tex. Crim. App. 1916).

Even if we were to interpret his jurisdictional complaint as a proper subject of habeas relief, it is without merit. *See Puente v. State*, 71 S.W.3d 340, 343 (Tex. Crim. App. 2002) (noting that a jurisdictional defect may be raised at any time and suggesting it could be raised on a writ of habeas corpus). Appellant argued that he is exempt from the jurisdiction of the trial court because he is a sovereign citizen of the state. The law is well-established that this argument is

frivolous. *See Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *5 n.10 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op., not designated for publication) (noting cases that have rejected "sovereign citizen" argument); *Barcroft v. County of Fannin*, 118 S.W.3d 922, 926 (Tex. App.—Texarkana 2003, pet. denied) (discussing "sovereign citizen" argument and rejecting it as "at this point in our history, imaginary"); *Alvarez v. State*, No. 03-02-00262-CR, 2003 WL 22095777, at *5 (Tex. App.—Austin 2003, no pet.) (mem. op., not designated for publication) (rejecting "sovereign citizen" argument).

## Conclusion

As we have noted, pretrial habeas relief is an extraordinary remedy. Appellant has failed to show that his claims fall within the "very limited circumstances" in which such relief is warranted. We therefore affirm the trial court's denial of his application.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL: SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 8, 2018