# NO. 12-21-00230-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW NO. 1* |
| *ARHONDA DESHAWN JOHNSON* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Arhonda Deshawn Johnson appeals the trial court's denial of her pretrial application for writ of habeas corpus. She presents two issues on appeal. We affirm.

### BACKGROUND

Appellant was arrested without a warrant on February 13, 2021, after allegedly trespassing on another's property and subsequently struggling with police officers. She bonded out of jail the following day. Appellant was later charged by complaint and information with both criminal trespass and resisting arrest. At the arraignment hearing, Appellant pleaded "not guilty" and requested a court-appointed attorney. On December 13, Appellant filed a pretrial application for writ of habeas corpus, urging that "no probable cause exists for the detention." She further contended that the "restraint is illegal because [the trial court] lacks the power to proceed in the prosecution." Following a hearing, the trial court ruled that "the complaint and information that's been filed is what confers jurisdiction on this court" and found that Appellant's issues were moot. This appeal followed.

### HABEAS RELIEF

In two issues, Appellant contends the trial court abused its discretion in denying her pretrial application. In her first issue, she argues the officers lacked probable cause to arrest her without a warrant. In her second issue, Appellant urges the trial court did not acquire subject

matter jurisdiction because it lacked a complaint and information. In the trial court, Appellant stated, "we intend to challenge the jurisdiction of this court on the validity and sufficiency of the charging instruments."

The writ of habeas corpus is an extraordinary remedy. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). A defendant may use a pretrial writ of habeas corpus only in very limited circumstances—for instance, to raise claims of double jeopardy, collateral estoppel, and bail, because if he were not allowed to do so, those protections would be effectively undermined. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus where there is an adequate remedy at law, and we must be careful to ensure that a pretrial writ is not misused as an impermissible interlocutory appeal. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Headrick v. State*, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999).

In general, we review the trial court's ruling denying habeas relief for an abuse of discretion and will not disturb the ruling unless the trial court acted without reference to any guiding principles. *Ex parte Meltzer*, 180 S.W.3d 252, 255–56 (Tex. App.–Fort Worth 2005, no pet.) (op. on reh'g). An appellant bears the burden of establishing entitlement to habeas corpus relief. *Ex parte Alt*, 958 S.W.2d 948, 950 (Tex. App.–Austin 1998, no pet.).

Appellant's complaints are not the proper subjects of a pretrial writ of habeas corpus. They do not raise issues of double jeopardy or collateral estoppel, nor does she complain about the amount of bail set in this case. Appellant's claim that she was unlawfully arrested without a warrant or probable cause is the proper subject of a motion to suppress to be reviewed on direct appeal. *See Ex parte Conner*, 439 S.W.2d 350, 350 (Tex. Crim. App. 1969); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). To the extent Appellant's complaints relate to defects in the charging instruments, those are the proper subject of a motion to set aside or quash and may also be challenged on direct appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 27.03 (West 2006); *Doster*, 303 S.W.3d at 724 ("[O]rdinarily, pretrial habeas is not available to 'test the sufficiency of the complaint, information, or indictment.'") (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)). Therefore, we overrule Appellant's first issue.

To the extent Appellant challenges the trial court's jurisdiction due to the lack of a complaint and information, it is without merit. *See Puente v. State*, 71 S.W.3d 340, 343 (Tex.

Crim. App. 2002) (noting that a jurisdictional defect may be raised at any time, including on a writ of habeas corpus). Appellant states that the trial court record lacks a complaint and information. However, the record indicates both the complaint and information were filed on July 21, 2021, prior to Appellant's arraignment. Furthermore, the trial court referenced them during the hearing. In addition, trial counsel stated at the hearing, "the State has provided me a copy of the complaint and information, and we intend to challenge the jurisdiction of this Court on the validity and sufficiency of the charging instruments." Therefore, the record demonstrates that the trial court had both a complaint and information for each count at the time of the habeas hearing. *See State v. Ybarra*, 942 S.W.2d 35, 36-37 (Tex. App.—Corpus Christi 1996, pet. dism'd) (appellate court reviews the record as it existed at the habeas hearing and is not limited to testimony and evidence adduced at hearing). We overrule Appellant's second issue.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's denial of her application for writ of habeas corpus.

BRIAN HOYLE
Justice

Opinion delivered April 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 29, 2022**

**NO. 12-21-00230-CR**

**EX PARTE: ARHONDA DESHAWN JOHNSON**

---

Appeal from the County Court at Law No. 1

of Henderson County, Texas (Tr.Ct.No. 00391-CCL-21)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order denying Appellant's application for writ of habeas corpus.

It is therefore ORDERED, ADJUDGED and DECREED that the order denying Appellant's application for writ of habeas corpus of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*