# NO. 12-22-00043-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 114TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *JOSEPH WHITAKER* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joseph Whitaker appeals the trial court's denial of his pretrial application for writ of habeas corpus. He presents two issues on appeal. We affirm.

### BACKGROUND

Appellant was arrested without a warrant on February 5, 2022, after Tyler Police officers observed him with a marijuana joint and open container in plain view of a vehicle in a parking lot. A subsequent search of Appellant's vehicle uncovered 3.8 ounces of suspected marijuana, sixteen grams of suspected Ecstasy, 15.4 grams of suspected Xanax, a scale, clear baggies, and a large amount of cash. The officers also found a handgun with the serial numbers scratched off. Appellant was charged with two counts of manufacture or delivery of a controlled substance, tampering with identification numbers, unlawful possession of a firearm by a felon, and possession of marijuana. To date, he has not been indicted on any of these charges.

On February 28, Appellant filed a petition for writ of habeas corpus, urging that "no probable cause exists for the arrest and continued detention." He also urged that his continued detention in jail without bail violated his constitutional rights. Subsequent to the filing of his petition, Appellant was released after posting bail. Following a hearing, the trial court denied the petition after finding that Appellant had been released and probable cause existed for the arrest. This appeal followed.

## HABEAS RELIEF

In two issues, Appellant contends the trial court abused its discretion in denying his pretrial petition. In his first issue, he argues the officers lacked probable cause to arrest him without a warrant. In his second issue, Appellant urges no probable cause exists for his continued detention. Specifically, he urges that the supporting affidavits constitute hearsay and lack personal knowledge.

The writ of habeas corpus is an extraordinary remedy. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). A defendant may use a pretrial writ of habeas corpus only in very limited circumstances—for instance, to raise claims of double jeopardy, collateral estoppel, and bail, because if he were not allowed to do so, those protections would be effectively undermined. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus where there is an adequate remedy at law, and we must be careful to ensure that a pretrial writ is not misused as an impermissible interlocutory appeal. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Headrick v. State*, 988 S.W.2d 226, 228 (Tex. Crim. App. 1999).

In general, we review the trial court's ruling denying habeas relief for an abuse of discretion and will not disturb the ruling unless the trial court acted without reference to any guiding principles. *Ex parte Meltzer*, 180 S.W.3d 252, 255–56 (Tex. App.–Fort Worth 2005, no pet.) (op. on reh'g). An appellant bears the burden of establishing entitlement to habeas corpus relief. *Ex parte Alt*, 958 S.W.2d 948, 950 (Tex. App.–Austin 1998, no pet.).

Appellant's complaints are not the proper subjects of a pretrial writ of habeas corpus. They do not raise issues of double jeopardy or collateral estoppel, nor does he complain about the amount of bail set in this case. Appellant's claim that he was unlawfully arrested without a warrant or probable cause is the proper subject of a motion to suppress to be reviewed on direct appeal. *See Ex parte Conner*, 439 S.W.2d 350, 350 (Tex. Crim. App. 1969); *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.–Fort Worth 1996, no pet.). Therefore, we overrule Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's denial of his petition for writ of habeas corpus.

**JAMES T. WORTHEN**
Chief Justice


Opinion delivered May 18, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 18, 2022**

**NO. 12-22-00043-CR**

**EX PARTE: JOSEPH WHITAKER**

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 22-0414-C/A)

THIS CAUSE came to be heard on the appellate record and brief(s) filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*